UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN RUSH and JAYME RUSH,<br><br>   Plaintiffs,<br><br>   v.<br><br>CITY OF VALLEJO, et al.,<br><br>   Defendants. | No. 2:24-cv-01828-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Defendants City of Vallejo, Ted Garcia ("Officer Garcia"), and Zach Horton's ("Officer Horton") (collectively, "City Defendants") Motion to Dismiss. (ECF No. 13.) Also before the Court is Defendant County of Solano's ("County Defendant") Motion to Strike which the Court construes as a Motion to Strike or Dismiss. (ECF No. 30.) The motions are fully briefed. (ECF Nos. 13, 20, 22, 30–31, 33.)

For the reasons set forth below, the Court GRANTS in part and DENIES in part City Defendants' Motion to Dismiss (ECF No. 13), and GRANTS in part and DENIES in part County Defendant's Motion to Strike or Dismiss (ECF No. 30).

///

///

///

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Plaintiffs Calvin Rush ("Calvin") and Jayme Rush's ("Jayme") (collectively, "Plaintiffs") arrests following a traffic stop on June 30, 2023. (ECF No. 11 at 3.) Plaintiffs allege that on the date of the incident, Calvin was returning home from work when Officer Garcia began to follow him for nearly a mile. (*Id.*) Officer Garcia attempted to pull him over, but Calvin continued driving until he was in front of his house. (*Id.*) Officer Garcia called for backup, and six Vallejo police officers arrived at Plaintiffs' home. (*Id.*) After Calvin stopped the vehicle, Officer Garcia claimed to have pulled him over for driving 55 miles per hour in a residential area. (*Id.*) Calvin's wife, Jayme, came outside and approached the passenger side window. (*Id.* at 4.) She "implored her husband to follow the officer's commands." (*Id.*)

Officer Garcia placed handcuffs on Calvin while he was still inside his vehicle. (*Id.*) The handcuffs were placed in a way that caused Calvin to experience pain in his right wrist. (*Id.*) Calvin repeatedly notified Officer Garcia that the handcuffs were causing him pain and needed to be adjusted but Officer Garcia did not respond to these requests. (*Id.*) A different officer adjusted the handcuffs, but Calvin continued to experience pain and discomfort. (*Id.*) Calvin notified Officer Garcia and other officers of his pain and discomfort and requested something be done, but the requests were not answered. (*Id.*)

Officer Garcia and other officers ordered Jayme to back away from the vehicle. (*Id.*) She complied by backing up to the front yard. (*Id.*) An officer then stepped onto Plaintiffs' property, brought Jayme to the ground, put her hands behind her back, and handcuffed her. (*Id.*) Jayme screamed that her arm and neck were injured. (*Id.*) At some point "[w]hile Jayme [] was being injured by Vallejo police officers," and "after [Calvin] was secured in handcuffs and cooperating with officer commands," Officer Horton pointed his taser at Calvin. (*Id.* at 5.)

Plaintiffs were placed under arrest and booked into the Solano County Jail. (*Id.*) While at the Solano County Jail, Jayme was handcuffed to a wheelchair and placed in a small holding room. (*Id.*) She could not move about freely or access the toilet. (*Id.*) The room did not have an intercom system, and Jayme's wheelchair was positioned such that her back was to the door. (*Id.*) Jayme was held for several hours. (*Id.*) During that time, she urinated on herself and sat in her

1  own urine until her release.  (*Id.*)  No deputies checked on Jayme while she was in the holding
2  room.  (*Id.*)  The Solano County District's Attorney's Office declined to charge Plaintiffs.  (*Id.*)
3       On October 31, 2024, Plaintiffs filed the operative First Amended Complaint ("FAC")
4  against City Defendants, Does 1-50 ("Doe Officers), County Defendant, and Doe Deputies 51-80.
5  (ECF No. 11.)  The FAC contains the following claims: (1) 42 U.S.C. § 1983 ("§ 1983")
6  excessive force; (2) § 1983 false arrest; (3) battery; (4) violation of the Bane Act; (5) negligence;
7  (6) false imprisonment; (7) § 1983 deliberate indifference; and (8) violation of the Americans
8  with Disabilities Act.  (*Id.* at 6–14.)
9       On November 14, 2024, City Defendants filed the instant motion to dismiss.  (ECF No.
10 13.)  On April 15, 2025, County Defendant filed the instant motion to strike or dismiss.  (ECF
11 No. 30.)

12   **II.   CITY DEFENDANTS' MOTION TO DISMISS**

13       City Defendants move to dismiss all or part of the following claims: (1) excessive force
14 against Officer Horton and Doe Officers; (2) unreasonable seizure against Doe Officers; (3)
15 battery against Officer Horton and Doe Officers; (4) Bane Act violation against all defendant
16 officers; (5) negligence against Officer Horton and Doe Officers; and (6) false imprisonment
17 against Doe Officers.  (ECF No. 13 at 1–2.)  In support of their motion, City Defendants request
18 this Court take judicial notice of two exhibits.  (ECF No. 13-2.)  The Court will consider each
19 claim in turn, after addressing City Defendants' request for judicial notice.

20       A.   Request for Judicial Notice

21       As an initial matter, City Defendants request the Court take judicial notice of Exhibits A
22 and B, which are two video recordings from police officer body cameras taken during the
23 incident.  (ECF No. 13-2 at 1–2.)  City Defendants claim the videos are appropriate for judicial
24 notice because "the Complaint necessarily relies on the events which were recorded during the
25 incident by the officers' body worn cameras," and because they are public records within the
26 meaning of Federal Rule of Evidence ("FRE") 201(b).  (*Id.* at 2–3.)  City Defendants' argument
27 for dismissing Plaintiffs' excessive force, false arrest, battery, negligence, and false imprisonment
28 claims against Doe Officers is entirely premised on their interpretation of the recordings.  (ECF

3

No. 13 at 13–15, 17–18.) Plaintiffs oppose the request. (ECF No. 20 at 12–13.)

Generally, a court "may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion." *United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). However, there are "two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under [FRE] 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The doctrine of incorporation-by-reference "treats certain documents as though they are part of the complaint itself." *Id.* at 1002. The doctrine applies to materials "submitted with and attached to the Complaint," and "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colleges*, 655 F.3d at 999. FRE 201 allows a court to take judicial notice of matters of public record, "but not of facts that may be 'subject to reasonable dispute.'" *Id.* (quoting *Lee*, 250 F.3d at 689). A court "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Id.*

Plaintiffs' FAC does not reference body camera videos. (*See generally* ECF No. 11.) Plaintiffs' claims are not based on body camera videos. (*Id.* at 6–14.) City Defendants' motion confirms the body camera footage goes beyond the facts alleged in the FAC (*see* ECF No. 13 at 13 ("The footage provides facts the FAC omits surrounding Jayme's arrest[.]")), as does their reply (*see* ECF No. 22 at 7 ("[T]he footage also reveals material facts that Plaintiffs attempt to conveniently ignore in their operative complaint[.]")). The Court thus declines to take judicial notice of Exhibits A and B because the videos and conduct shown therein are absent from, and therefore not incorporated-by-reference into, Plaintiffs' FAC. *See R.P. v. City & Cnty. of San Francisco*, No. 24-cv-00522-LJC, 2025 WL 416363, at *3 (N.D. Cal. Feb. 6, 2025) (declining to consider body camera footage as incorporated-by-reference where the footage is not integral to the plaintiff's claim); *Lee v. City of San Diego*, No. 18-cv-159-W, 2019 WL 117775, at *4–5 (S.D. Cal. Jan. 7, 2019) (declining to consider body camera videos as incorporated-by-reference where the complaint did not refer to the videos and the claims were not based on the videos).

Further, while body camera videos may be considered public records, City Defendants' reliance on the recordings to establish facts makes the footage inappropriate for judicial notice. City Defendants claim the footage establishes that "the officers used only force as necessary to take [Jayme] down to arrest her," and "the officers developed probable cause that Jayme was committing a crime in plain view." (ECF No. 13 at 14, 17.) City Defendants also rely on the videos to dispute Plaintiffs' factual allegations. (*See id.* at 14 ("Meanwhile, body worn camera footage . . . shows that officers pulled [Jayme] up using her arm, while holding on to the handcuffs, RJN, Ex. B at 01:40-01:50—not as Plaintiffs allege how officers pulled Jayme up by using the handcuffs alone.").) The Court thus declines to take judicial notice of Exhibits A and B under FRE 201 because City Defendants rely on the body camera footage to create disputes of fact. *See Roe v. City of Portland*, No. 3:22-cv-01193-SB, 2024 WL 3888705, at *11 (D. Or. Aug. 19, 2024) (concluding "video footage of the relevant events is an inappropriate matter of judicial notice."); *Knickerbocker v. United States Dep't of Interior*, No. 1:16-cv-1811-DAD-JLT, 2018 WL 836307, at *6 (E.D. Cal. Feb. 13, 2018) (finding a request to "take judicial notice of the contents of the video to purportedly show that the defendant rangers did not employ excessive force . . . is far beyond the usual purposes of judicial notice.")

Accordingly, City Defendants' request for judicial notice is DENIED. (ECF No. 13-2.)

City Defendants' argument for dismissing Plaintiffs' excessive force, false arrest, battery, negligence, and false imprisonment claims against Doe Officers is entirely premised on their interpretation of Exhibits A and B, which they claim show Doe Officers did not use excessive force and had probable cause to arrest Jayme. (ECF No. 13 at 13–15, 17–18.) Because the Court declines to judicially notice Exhibits A and B, the Court will not consider City Defendants' argument at this time. Accordingly, City Defendants' motion to dismiss Plaintiffs' claims for excessive force (Claim One), false arrest (Claim Two), battery (Claim Three), negligence (Claim Five), and false imprisonment (Claim Six) against Doe Officers is DENIED.

B. <u>Standard of Law</u>

Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a complaint contain "a short and plain statement" showing entitlement to relief that provides the defendant "fair notice of what the

1  . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555
2  (2007) (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Plaintiff need
3  only allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550
4  U.S. at 570 (citation omitted).  A claim has "'facial plausibility' when the plaintiff pleads factual
5  content that allows the court to draw the reasonable inference that the defendant is liable for the
6  misconduct alleged." *Iqbal*, 556 U.S. at 678.

7       A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal
8  sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A claim may be
9  dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of
10 sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937
11 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
12 (9th Cir. 1990)).  A court generally may not consider material outside of the pleadings when
13 assessing the sufficiency of a complaint, with limited exception for materials incorporated by
14 reference or subject to judicial notice. *Khoja*, 899 F.3d at 998.

15      In considering a motion to dismiss, factual allegations are taken as true, and the complaint
16 and all reasonable inferences are construed in the light most favorable to the plaintiff. *Doe v.*
17 *United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).  However, a court is not to assume the
18 plaintiff can prove facts that have not been alleged, or that the defendant has violated the law in
19 ways that have not been alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council*
20 *of Carpenters*, 459 U.S. 519, 526 (1983).  A court also "need not to assume the truth of legal
21 conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d
22 638, 643 n.2 (9th Cir. 1986).  While a complaint is not required to contain "detailed factual
23 allegations," Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me
24 accusation." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action,
25 supported by mere conclusory statements, do not suffice." *Id.*  It thus follows that, "conclusory
26 allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."
27 *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citation omitted).

28      If a complaint fails to state a plausible claim, leave to amend should be granted unless "the

1  pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d
2  1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

        C.      Analysis

Having denied City Defendants' motion to the extent it relies on the Court taking judicial notice of Exhibits A and B, the remaining claims City Defendants seek to dismiss are as follows: excessive force against Officer Horton; battery against Officer Horton; Bane Act violation against all defendant officers, and negligence against Officer Horton. (ECF No. 13 at 1–2.) The Court will consider these claims in turn.

        *i.*      *Excessive Force (Claim One)*

City Defendants argue Plaintiffs' excessive force claim against Officer Horton must be dismissed because Officer Horton pointing his taser at Calvin is not excessive force as a matter of law. (ECF No. 13 at 10.) While courts have found the use of a taser can constitute excessive force, "the City has not uncovered any cases in the Ninth Circuit involving the act of merely point[ing] a Taser at a suspect as a basis for excessive force." (*Id.*) City Defendants further argue Officer Horton's conduct is entitled to qualified immunity because even if he did engage in excessive force, it was not clearly established at the time of the incident that the act of pointing his taser at Calvin could constitute excessive force. (*Id.* at 11–13.)

In opposition, Plaintiffs argue excessive force can be found absent deadly force or physical injury and here, Officer Horton's actions were unreasonable because Calvin posed no threat of harm. (ECF No. 20 at 4.) Plaintiffs argue Officer Horton is not entitled to qualified immunity because at the time of the incident it was clearly established that "where there is no need for force, any force is constitutionally unreasonable." (*Id.* (quoting *Headwaters Forest Def. v. Cnty. of Humboldt*, 240 F.3d 1185, 1199 (9th Cir. 2000)).)

In reply, City Defendants argue Plaintiffs improperly rely on *Headwaters* because the opinion was subsequently vacated. (ECF No. 22 at 2.) City Defendants note that Plaintiffs provide no caselaw establishing the act of pointing a taser can be excessive force. (*Id.* at 3.) City Defendants argue Plaintiffs' failure to put forward authority showing Officer Horton violated a clearly established constitutional right entitles him to qualified immunity. (*Id.*)

7

Excessive force claims arising from the context of an arrest are examined under the Fourth Amendment's prohibition on unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Determining whether an officer acted reasonably requires carefully balancing "'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* at 396. This calls for "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* "These factors, however, are not exclusive," rather a court is to "examine the totality of the circumstances and consider 'whatever specific facts may be appropriate in a particular case[.]'" *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (quoting *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994)). This inquiry is objective and conducted from the vantage point of a reasonable officer confronted with the same facts and circumstances, bearing in mind decisions occur in a "split" second and making every effort to ignore the advantages of "20/20 vision of hindsight." *Graham*, 490 U.S. at 396–97.

Due to deficiencies with the allegations, the Court finds Plaintiffs fail to state an excessive force claim against Office Horton. The FAC lacks facts on the circumstances of Officer Horton's conduct, which prevents the Court from being able to conduct the excessive force inquiry. The only description Plaintiffs provide is: "While Jayme [] was being injured, [Officer Horton] intentionally pointed his Taser at Calvin [] after he was already secured in handcuffs and cooperating with officer commands." (ECF No. 11 at 5–6, 8.) The FAC contains multiple allegations of injury to Jayme and the period during which Calvin was placed in handcuffs and cooperating with officer commands is indeterminate. (*Id.* at 4–5.) The FAC contains no other details as to Officer Horton's conduct such as duration, proximity to Calvin, or any other facts that would allow the Court to ascertain the nature or quality of the alleged intrusion. The Court will not assume facts that have not been alleged. *Associated Gen. Contractors*, 459 U.S. at 526.

The remainder of Plaintiffs' allegations related to the excessive force claim are conclusory statements about Calvin—that he was unarmed, did not pose a threat, and was not attempting to

8

flee or evade arrest—and the assertion that "other alternative methods were available to effectuate a seizure." (ECF No. 11 at 7.) However, the Court cannot weigh the threat posed by Calvin, or lack thereof, against an indeterminate use of force. Even following the general principle cited by Plaintiffs that "where there is no need for force, any force is constitutionally unreasonable," the inadequacy of the FAC prevents the Court from concluding whether any force was used at all. Plaintiffs therefore fail to state an excessive force claim against Office Horton.

The Court is skeptical about the viability of this claim even if Plaintiffs amend the FAC to allege additional facts. In the few instances where courts have encountered claims against officers who pointed but did not deploy their tasers, that conduct was found to be reasonable. *See Ratcliff v. City of Red Lodge, Dep't of Police Montana*, 650 F. App'x 484, 486 (9th Cir. 2016); *Stricker v. Twp. of Cambridge*, 710 F.3d 350, 363 (6th Cir. 2013); *Dreyer v. McCall*, No. 19-cv-1265-JES-JEH, 2021 WL 3625053, at *4 (C.D. Ill. Aug. 16, 2021) (noting the plaintiff's inability to "point to any case where the mere pointing of a Taser was found to amount to excessive force."). Nevertheless, the Court cannot determine at this juncture "that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly, City Defendants' motion to dismiss the excessive force claim (Claim One) against Officer Horton is GRANTED with leave to amend.

The Court does not consider City Defendants' argument on qualified immunity at this time because Plaintiffs fail to allege sufficient facts to show Officer Horton's conduct violated a constitutional right. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012).

                *ii. Battery (Claim Three)*

City Defendants move to dismiss Plaintiffs' battery claim against Officer Horton. (ECF No. 13 at 2.) City Defendants argue Plaintiffs cannot state a battery claim because Officer Horton did not use unreasonable force. (*Id.* at 17 (citing *Pernell v. City of Los Angeles*, 650 F. Supp. 3d 910, 929 (C.D. Cal. 2022)).) In opposition, Plaintiffs argue they have adequately stated a battery claim because Officer Horton did use excessive force. (ECF No. 20 at 8.)

Under California law, battery occurs when "(1) the defendant touched the plaintiff, or caused the plaintiff to be touched, with the intent to harm or offend the plaintiff; (2) the plaintiff

1  did not consent to the touching; (3) the plaintiff was harmed or offended by the defendant's

2  conduct; and (4) a reasonable person in the plaintiff's position would have been offended by the

3  touching." *Carlsen v. Koivumaki*, 227 Cal. App. 4th 879, 890 (2014) (citation omitted).  Here,

4  there is no allegation in the FAC that Officer Horton touched any plaintiff or caused any plaintiff

5  to be touched.  (*See* ECF No. 11 at 5, 8–9.)  Plaintiffs thus fail to plead sufficient facts to state a

6  battery claim against Officer Horton.

7        The Court is skeptical that Plaintiffs can cure this claim as the conduct alleged is Officer

8  Horton pointing but not deploying his taser.  Nevertheless, the Court cannot determine at this

9  juncture "that the pleading could not possibly be cured by the allegation of other facts."  *Lopez*,

10  203 F.3d at 1130.  Accordingly, City Defendants' motion to dismiss Plaintiffs' battery claim

11  (Claim Three) against Officer Horton is GRANTED with leave to amend.

12                             *iii.  Bane Act (Claim Four)*

13        City Defendants move to dismiss Plaintiffs' Bane Act claim against all Defendant

14  officers.[1]  (ECF No. 13 at 2.)  City Defendants argue Officer Horton and Doe Officers did not

15  engage in excessive force, again referencing their prior argument, and that the FAC does not

16  allege any of the defendant officers had the specific intent to violate Plaintiffs' rights.  (*Id.* at 18.)

17  In opposition, Plaintiffs argue Officer Horton and Doe Officers acted in reckless disregard for

18  Plaintiffs' constitutional rights.  (ECF No. 20 at 11.)  Plaintiffs' position appears to be that the

19  egregious nature of the allegations "indicate the arresting officer[s] had a specific intent to violate

20  the arrestee's right[s.]"  (*Id.* at 10 (citing *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App.

21  5th 766, 801–02 (2017).)  Plaintiffs do not address City Defendants' argument as to Officer

22  Garcia.  (*See generally* ECF No. 20.)

23        The Bane Act provides a private cause of action against anyone who "interferes by threats,

24  intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the

---

[1] The Court construes City Defendants' motion as seeking to dismiss Plaintiffs' Bane Act claim only as to Officer Horton, Doe Officers, and Officer Garcia.  While Plaintiffs bring this claim against "all Defendant officers and Vallejo" (ECF No. 11 at 11) and City Defendants make one general reference to "Defendants" in their Memorandum of Points and Authorities (ECF No. 13 at 19 ("The [FAC] does not allege Defendants had any specific intent")), no party submits argument on the sufficiency of Plaintiffs' Bane Act claim against the City of Vallejo.

10

exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the laws and rights secured by the Constitution or laws of [California.]" Cal. Civ. Code § 52.1(a).  A plaintiff bringing a Bane Act claim "must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064, 1080 (E.D. Cal. 2018) (quoting *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015), as modified on denial of reh'g (Mar. 6, 2015)). The Bane Act "does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged." *Reese v. County of Sacramento*, 888 F.3d 1030, 1042–43 (9th Cir. 2018).  For example, "the coercion inherent in a Fourth Amendment violation could support a Bane Act claim if the coercion occurred with 'specific intent to violate the arrestee's right to freedom from unreasonable seizure.'" *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018) (quoting *Reese*, 888 F.3d at 1043, 1044 n.5).

With respect to the intent element however, the Bane Act does not require the defendant to be "thinking in constitutional or legal terms," but rather a showing of the defendant's specific intent to violate the plaintiff's constitutional rights.  *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993).  The mere intent to use force is insufficient, instead the defendant must have "intended not only the force, but its unreasonableness, [and] its character as 'more than necessary under the circumstances.'" *Id.*  The intent to deprive a person of their constitutional rights can be proven by evidence of recklessness.  *S.R. Nehad v. Browder*, 929 F.3d 1125, 1142 n.15 (9th Cir. 2019).

         *a)*  Officer Horton

The Court has already concluded that Plaintiffs fail to state sufficient facts to plead an excessive force claim against Officer Horton.  But even if the Bane Act's predicate constitutional violation requirement was satisfied, Plaintiffs do not allege Officer Horton acted with the specific intent to violate Calvin Rush's constitutional rights nor can the Court infer that intent exists from the facts presented.  Having found Plaintiffs fail to allege Officer Horton violated a constitutional right, it follows that Plaintiffs fail to allege Officer Horton acted with reckless disregard for a constitutional right.  However, the Court cannot determine at this juncture "that the pleading

11

could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly, City Defendants' motion to dismiss the Bane Act claim (Claim Four) against Officer Horton is GRANTED with leave to amend.

### b) Doe Officers

Plaintiffs allege Doe Officers "lunged at Jayme [] and slammed her to the ground, causing Jayme [] to scream in pain as the [Doe] officers pin[ned] her to the ground and pull[ed] her hands behind her back to handcuff her." (ECF No. 11 at 7.) Plaintiffs claim the officers brought Jayme to her feet "by pulling up solely on the handcuffs securing [Jayme's] wrists, causing her extreme pain." (*Id.*) Plaintiffs further allege that "upon observing Defendants use excessive force upon their person, the Plaintiffs reasonably believed that if they exercised their right to be free from the unlawful use of excessive force upon their person, that Defendants would commit violence against them." (*Id.* at 11.) Based on these factual allegations, the Court finds it plausible that Doe Officers intentionally interfered with, or at least acted with reckless disregard for, Jayme's constitutional right to be free from excessive force. Plaintiffs' allegations are therefore sufficient at the pleading stage. *See Smith v. City of Marina*, 709 F. Supp. 3d 926, 939 (N.D. Cal. 2024) ("At the motion to dismiss stage . . . allegations of conduct that violates constitutional rights coupled with allegations that conduct was done with reckless disregard for a party's rights can be sufficient to establish specific intent."). Accordingly, City Defendants' motion to dismiss the Bane Act claim (Claim Four) against Doe Officers is DENIED.

### c) Officer Garcia

Plaintiffs claim Officer Garcia used excessive force when he placed tight fitting handcuffs on Calvin's wrists, causing him to suffer extreme pain. (ECF No. 11 at 6.) Plaintiffs allege Calvin repeatedly gave Officer Garcia notice that the handcuffs were causing him pain and requested the handcuffs be adjusted. (*Id.* at 4.) However, Office Garcia did not remove or adjust the handcuffs despite the repeated requests. (*Id.* at 6.) Based on these factual allegations, the Court finds it plausible that Officer Garcia intentionally interfered with, or at least acted with reckless disregard for, Calvin's constitutional right to be free from excessive force. Plaintiffs' allegations are therefore sufficient at the pleading stage. *Smith*, 709 F. Supp. 3d at 939.

Accordingly, City Defendants' motion to dismiss the Bane Act claim (Claim Four) against Officer Garcia is DENIED.

### iv. Negligence (Claim Five)

City Defendants move to dismiss Plaintiffs' negligence claim against Officer Horton. (ECF No. 13 at 2.) City Defendants and Plaintiffs both submit that Plaintiffs' negligence claim is based on the same conduct underlying their excessive force claim. (*Id.* at 17–18; ECF No. 20 at 8; ECF No. 22 at 5.) City Defendants argue Plaintiffs do not state a negligence claim because Officer Horton used reasonable force. (ECF No. 13 at 17; ECF No. 22 at 5.) Plaintiffs argue they do state a negligence claim because Officer Horton used unreasonable force. (ECF No. 20 at 8.)

To state a claim for negligence, a plaintiff must allege: (1) the defendant had a duty to use due care; (2) the defendant breached that duty; and (3) the breach was the proximate or legal cause of the resulting injury. *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013). In California, police officers have a duty to act reasonably when using force. *Vos v. City of Newport Beach*, 892 F.3d 1024, 1037 (9th Cir. 2018). To determine an officer's liability for negligence, "a court applies tort law's 'reasonable care' standard, which is distinct from the Fourth Amendment's 'reasonableness' standard." *Id.* While the Fourth Amendment "tends to focus more narrowly than state tort law on the moment when deadly force is used," state negligence law is broader and extends to the totality of the circumstances, including the officer's conduct prior to the use of force. *Hayes*, 57 Ca. 4th at 638–39. However, like with reasonableness, reasonable care "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 632 (quoting *Graham*, 490 U.S. at 396).

As the Court set forth above, Plaintiffs fail to state an excessive force claim against Office Horton. Plaintiffs allege no facts of pre-force conduct or other factors within the totality of the circumstances that could warrant a different finding under the broader negligence standard. However, the Court cannot determine at this juncture "that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130. Accordingly, City Defendants' motion to dismiss the negligence claim (Claim Five) against Officer Horton is GRANTED with leave to amend.

13

**III.     COUNTY DEFENDANT'S MOTION TO STRIKE OR DISMISS**

County Defendant moves to strike the following claims: (1) battery; (2) Bane Act violation; (3) negligence; and (4) false imprisonment. (ECF No. 30 at 1.) Alternatively, County Defendant moves to dismiss these claims. (*Id.*) Because County Defendant seeks relief under Rule 12(f) or Rule 12(b)(6), the Court construes this motion to be a motion to strike or dismiss.

### A.     Standard of Law

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" matter is that which has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Rule 12(f) does not authorize a court to strike a claim on the basis that the claim is precluded as a matter of law. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Instead, the proper avenue for challenging the sufficiency of a complaint is through a Rule 12(b)(6) motion to dismiss. *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020–21 (N.D. Cal. 2009).

### B.     Analysis

County Defendant moves to strike Plaintiffs' state law claims—battery, Bane Act violation, negligence, and false imprisonment—on the basis that the FAC does not allege Plaintiffs complied with the California Government Claims Act ("GCA"). (ECF No. 30 at 3.) County Defendant argues the GCA requirements are non-optional, and Plaintiffs' failure to allege compliance "renders their state law claims untenable." (*Id.*) Plaintiffs' state law claims therefore "lack a legal foundation and constitute immaterial and impertinent matter under Rule 12(f)." (*Id.* at 5.) Alternatively, County Defendant argues these claims fail under Rule 12(b)(6) because

14

1 Plaintiffs do not put forward sufficient facts to state plausible state law claims against Solano
2 County. (*Id.* at 6.) Bringing claims against "all Defendant officers" without making specific
3 allegations as to County Defendant is insufficient. (*Id.* at 6–7.)
4 In opposition, Plaintiffs submit they only bring state law claims against the Vallejo police
5 officers and City of Vallejo. (ECF No. 31 at 2.) Plaintiffs assert that they bring two federal
6 claims against the County of Solano and its deputies: "Deliberate Indifference (Seventh Claim)
7 and ADA Violation Bane Act Violation (Eighth Claim)."[2] (*Id.* at 2–3.) Plaintiffs put forward no
8 argument on County Defendant's alternative request to dismiss the state law claims under Rule
9 12(b)(6). (*See id.*)
10 In reply, County Defendant argues Plaintiffs' statement on which defendants are subject to
11 the state law claims is contradicted by the FAC's text. (ECF No. 33 at 2.) By using the term "all
12 Defendant officers" and incorporating paragraphs naming County deputies, Plaintiff's state law
13 claims do target County Defendant and its deputies. (*Id.*)
14 As an initial matter, County Defendant's motion fails as a motion to strike. County
15 Defendant does not identify what matter it seeks to strike from Plaintiffs' FAC apart from the
16 state claims themselves. County Defendant provides no coherent argument for how a claim in its
17 entirety could constitute immaterial or impertinent matter. (ECF No. 30 at 5.) It is clear Rule
18 12(f) is not the proper vehicle for the relief County Defendant seeks. Accordingly, County
19 Defendant's motion to strike is DENIED.
20 Turning to County Defendant's alternative request to dismiss Plaintiffs' state law claims,
21 the Court agrees that Plaintiffs' FAC is unclear as to which defendants are subject to each claim.
22 Plaintiffs' opposition confirms they do not bring state law claims against County Defendant.
23 Accordingly, County Defendant's motion to dismiss the battery (Claim Three), Bane Act (Claim
24 Four), negligence (Claim Five), and false imprisonment (Claim Six) claims against the County of
25 Solano is GRANTED without leave to amend.

---

[2] Plaintiffs describe Claim Eight as "ADA Violation Bane Act Violation." (ECF No. 31 at 2–3.) Considering Plaintiffs' statement that the FAC only alleges federal claims against the County Defendant and Doe Deputies, the Court understands this to be a typographical error and Plaintiffs do not intend to bring their Bane Act claim against County Defendant.

15

It remains unclear to the Court which defendants are subject to each of Plaintiffs' claims. Plaintiffs appear to confirm Doe Deputies are not subject to the state law claims. As to the federal claims, Plaintiffs describe "two federal claims" against Solano County and Doe Deputies but the FAC includes four federal claims—three § 1983 claims and one Americans with Disabilities Act claim. (ECF No. 11 at 1.) Plaintiffs' § 1983 excessive force and false arrest claims name "Defendants" generally. (*Id.* at 8.) As is evident from the instant motion, Plaintiffs' use of the term "Defendants" could carry a variety of meanings. Accordingly, as detailed below, the Court ORDERS Plaintiffs to file an amended complaint that separately names every defendant subject to each claim.

### IV. CONCLUSION

For the foregoing reasons, City Defendants' Motion to Dismiss (ECF No. 13) is GRANTED in part and DENIED in part, and County Defendant's Motion to Strike or Dismiss (ECF No. 30) is GRANTED in part and DENIED in part as follows:

1. City Defendants' motion to dismiss:
    a. City Defendants' motion to dismiss Plaintiffs' excessive force (Claim One), false arrest (Claim Two), battery (Claim Three), Bane Act (Claim Four), negligence (Claim Five), and false imprisonment claims (Claim Six) as to Doe Officers is DENIED;
    b. City Defendants' motion to dismiss Plaintiffs' excessive force (Claim One), battery (Claim Three), Bane Act (Claim Four), and negligence claims (Claim Five) as to Officer Horton is GRANTED with leave to amend;
    c. City Defendants' motion to dismiss Plaintiffs' Bane Act claim (Claim Four) as to Officer Garcia is DENIED; and
    d. City Defendant's request for judicial notice is DENIED.
2. County Defendant's motion to strike or dismiss:
    a. County Defendant's motion to strike is DENIED; and
    b. County Defendant's motion to dismiss Plaintiffs' battery (Claim Three), Bane Act (Claim Four), negligence (Claim Five), and false imprisonment claims

1	(Claim Six) as to the County of Solano is GRANTED without leave to amend.
2	The court further ORDERS Plaintiffs to file a Second Amended Complaint not later than
3	thirty (30) days from the date of electronic filing of this Order. The Court notes it is unclear
4	which defendants are subject to each of Plaintiffs' claims. Plaintiffs therefore must separately
5	identify which of the following defendants are subject to each claim: (a) City of Vallejo; (b)
6	Officer Garcia; (c) Officer Horton; (d) City of Vallejo Doe Officers 1-50; (e) County of Solano;
7	and/or (f) County of Solano Doe Deputies 51-80. Responsive pleadings are due twenty-one (21)
8	days after Plaintiffs file the Second Amended Complaint.
9	IT IS SO ORDERED.
10	Date: September 8, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

17